**In re EMPRESAS OMAJEDE, INC., Debtor.**

**Javier Aponte–Betancourt, et al., Plaintiffs,**

v.

**Empresas Omajede, Inc., Defendant.**

**Civil No. 99–2045 (JAG).**
**Bankruptcy No. 90–03612 (ESL).**

United States District Court,
D. Puerto Rico.

Sept. 11, 2002.

---

Irving K. Hernandez–Valls, San Juan, PR, for Plaintiffs.

Carlos A. Surillo–Pumarada, Ponce, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On November 24, 1999, debtor Empresas Omajede, Inc. ("Omajede") moved to dismiss Javier Aponte–Betancourt and Reinaldo Aponte–Betancourt's (collectively "appellants") appeal from a bankruptcy court order confirming Omajede's reorganization plan (Docket No. 10). For the reasons discussed below, Omajede's motion is GRANTED.

## FACTUAL BACKGROUND[2]

Omajede, a closely held corporation owned and controlled by members of the Betancourt family, was incorporated on April 6, 1978. When Omajede filed for Chapter 11 bankruptcy protection on July 13, 1990, the corporation had four stockholders: Olga Capo Roman, Maria Luisa Betancourt, Jesus Antonio Betancourt, and Delfina M. Betancourt. Stockholder Maria Luisa Betancourt was appellants' mother. On August 14, 1995, Maria Luisa Betancourt passed away and, as a result, appellants inherited her stock in Omajede. On December 22, 1997, the stockholders elected appellant Javier Aponte–Betanc-

---

1. Alejandro J. Cepeda Díaz, a third year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

2. The Court culls the relevant facts from appellant's brief.

ourt to the Board of Directors at Omajede's annual stockholder meeting.[3] Javier Aponte–Betancourt claims, however, that he has not been allowed to participate in the Board's decisions, including the approval of the corporate disclosure statement and the reorganization plan object of this appeal. On April 22, 1999, the bankruptcy court issued an order approving Omajede's disclosure statement over appellants' objections that it had not been duly authorized by the corporation. Consequently, on August 16, 1999, the bankruptcy court issued an order confirming Omajede's reorganization plan, again over appellants' objections. On August 25, 1999, appellants filed this appeal from the bankruptcy court's order confirming the reorganization plan. Appellants, however, failed to seek a stay of execution of the confirmation order pending appeal.

## DISCUSSION

A. *Standard of Appellate Review of Bankruptcy Court Orders.*

■■■ When reviewing the decisions of a bankruptcy court, a district court reviews the bankruptcy court's factual findings under a clear error standard, and its conclusions of law under a *de novo* standard. *See In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991); *Matter of Torres Lopez*, 138 B.R. 348, 349 (D.P.R.1992). A factual finding is "clearly erroneous" only when the appellate court is left "with the definite and firm conviction that a mistake has been committed." *In re The Bible Speaks*, 869 F.2d 628, 630 (1st Cir.1989) (*quoting Anderson v. Bessemer City*, 470

U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

B. *Omajede's Motion to Dismiss the Appeal.*

On appeal from the bankruptcy court's order, appellants claim that the bankruptcy court erred (1) in approving Omajede's disclosure statement over their objections; (2) in not admitting certain allegedly relevant evidence purporting to prove that Javier Aponte was a member of the Board of Directors; and (3) in confirming Omajede's reorganization plan. Omajede moved for dismissal of the appeal arguing that it is moot because the reorganization plan has been substantially consummated and no effective relief can be granted to appellants. The court agrees with Omajede that the appeal must be dismissed, however, on different grounds.

The Bankruptcy Code allows for a plan of reorganization to be modified "at any time before confirmation," 11 U.S.C. § 1127(a), or at "any time after confirmation of such plan and before substantial consummation of such plan," 11 U.S.C. § 1127(b). Substantial consummation is defined in the Bankruptcy Code as,

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

---

**3.** The Court notes that whether Javier Aponte–Betancourt is a member of the Board of Directors is still a controverted fact. The bankruptcy court did not enter a finding on the issue. The Court declines to enter a finding on the issue as it is irrelevant to the disposition of this appeal. For the purposes of this Opinion and Order, however, we will assume *arguendo* that Javier Aponte–Betancourt is a member of Omajede's Board of Directors.

11 U.S.C. § 1101(2). The First Circuit stated two compelling reasons for dismissing an appeal as moot when the reorganization plan has been substantially consummated:

> First, an appellate reversal of the substantially consummated reorganization plan ... would "creat[e] ... a nightmarish situation for the bankruptcy court on remand," and make reconstructive relief extremely improbable. Second, the reversal of a reorganization plan substantially consummated in the absence of a stay of the order of confirmation would run counter to the important policy favoring finality in bankruptcy proceedings.

*In re Public Service Co. of New Hampshire*, 963 F.2d 469, 474 (1st Cir.1992) (citations omitted).

■ Furthermore, "[f]ailure to obtain a stay, standing alone, is often fatal but not necessarily so; nor is the [substantial consummation] of a relatively simple reorganization plan," *In re Baker & Drake, Inc.*, 35 F.3d 1348, 1351 (9th Cir.1994), if the court can fashion effective relief without affecting the rights of third parties not before the court. *Id.* "The court need not and should not revoke a confirmation order if other remedies would clearly be more appropriate." *In re V & M Management, Inc.*, 215 B.R. 895, 904 (Bankr. D.Mass.1997). "The reviewing court must 'scrutinize each individual claim, testing the feasibility of granting relief against the potential impact on the reorganization scheme as a whole.' The case is moot if the requested relief would be either inequitable or impracticable in light of the change in circumstances." *In re Public Service Co. of New Hampshire*, 963 F.2d at 473 (*quoting In re AOV*, 792 F.2d 1140, 1148 (D.C.Cir.1986)).

■ In support of its contention, Omajede annexed to its motion to dismiss a copy of the application for final decree filed in bankruptcy court on the same date in order to demonstrate the steps it has taken in the implementation of the reorganization plan. In this case, however, it is unnecessary for the Court to enter into a discussion of whether or not the plan has been substantially consummated, namely because appellants have failed to specify how their interests have been or will be affected by implementation of the plan or what relief or remedy could be granted to them.

Appellants argue that the disclosure statement should not have been approved nor the plan of reorganization confirmed because they had not been presented to appellant Javier Aponte Betancourt for his approval and, therefore, they were not approved by the unanimous consent of the Board of Directors as required by Omajede's articles of incorporation. From what the Court can gather from appellants' arguments and the bankruptcy court record, appellants' only alleged injury is they have not had their say in Omajede's affairs. In fact, in the hearing on confirmation of the reorganization plan, when the bankruptcy judge asked appellants how their interests would be affected by its implementation, the answer was in the negative (*See* Docket No. 1, Bankr.Docket No. 553 at 13).

Furthermore, from the record it appears that appellants do not object to the reorganization plan itself, but rather to the manner in which Omajede approved the plan. Although appellants may have a valid cause of action against Omajede under state law, bankruptcy proceedings are not the proper venue in which to litigate the issue.[4] Furthermore, the bankruptcy

4. The Court notes that on September 15, 1999, appellants filed a complaint against

judge clearly stated that the orders approving the disclosure statement and confirming the reorganization plan were without prejudice to any claims appellants may have under state law.

## CONCLUSION

For the foregoing reasons, Omajede's motion to dismiss the appeal is GRANTED. Judgment will enter accordingly.

IT IS SO ORDERED.

Omajede in state court (*See* Docket No. 18, exhibit C).